SCHIFF HARDIN LLP
BRUCE A. WAGMAN (*Pro Hac Vice* Application Forthcoming)
bwagman@schiffhardin.com
ROBERT G. ENGEL (OSB # 01176)(Federal Court Admission Application Forthcoming)
rengel@schiffhardin.com
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

HARRANG LONG GARY RUDNICK P.C.
CRAIG J. CAPON (OSB # 98192)
craig.j.capon@harrang.com
360 E. 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone: (541) 485-0220
Facsimile: (541) 686-6564

Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CHIMPS, INC., INTERNATIONAL PRIMATE PROTECTION LEAGUE, and MARGUERITE GORDON,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMARILY PRIMATES, INC.,<br><br>Defendant. | Case No.:07-6149-HO<br><br>**EXHIBITS TO COMPLAINT** |

Attached are Exhibits A, B and C to the complaint in this matter.

DATED: June 25, 2007.

HARRANG LONG GARY RUDNICK P.C.

By _____
Craig J. Capon, OSB # 98192

SCHIFF HARDIN LLP
Bruce A. Wagman
Robert G. Engel, OSB # 0117
Of Attorneys for Plaintiffs

# ANIMAL TRANSFER AGREEMENT

This Agreement is made and entered into on the 12th day of March, 2007, by and between Chimps, Inc., and Lee Theisen-Watt (the "Receiver"), as the court appointed Temporary Receiver for the common law charitable entity and nonprofit corporation known as Primarily Primates, Inc., San Antonio, TX ("PPI").

WHEREAS, pursuant to an Amended Order Appointing Temporary Receiver dated October 19, 2006 (the "Order") of the Travis County Probate Court Number One (the "Probate Court"), the Receiver was appointed as Temporary Receiver for PPI with the duties and authority set forth in the Order, which include, but are not limited to, as the Receiver deems necessary, and in reliance upon the advice of animal health care experts, to make any decisions or to undertake actions she deems to be in the best interests of the animals, individually and collectively, which are currently located at PPI's facility including, but not limited to, the removal or transfer of any such animals to other facilities which meet appropriate standards for their particular needs;

WHEREAS, pursuant to an Order dated November 3, 2006, of the Texas Court of Appeals, Third District, at Austin (the "Appellate Order"), the Receiver may relocate animals on a non-permanent basis pursuant to her powers as receiver;

WHEREAS, pursuant to an Order dated November 22, 2006, of the Texas Court of Appeals, Third District, at Austin, the Court's November 3, 2006, Order was modified "to permit a party or the receiver to request that the probate court allow permanent relocation of an animal or animals subject to receivership on a case-by-case basis. Any such request must be in writing, filed with the probate court, and supported by evidence either filed with the motion or submitted before the probate court sufficient to warrant permanent relocation."

WHEREAS, Chimps, Inc., is a nonprofit sanctuary dedicated to providing lifetime care for retired chimpanzees and was designed to nurture and stimulate these sensitive and complex primates by creating a secure and enriching environment, where the chimps can safely express natural behaviors without human interference, as well as enjoy the interactions and enrichments provided by their human carestaff and is licensed by the United States Department of Agriculture;

WHEREAS, based on the advice of animal health care experts the Receiver has determined that it is in the best interests of Emma and Jackson, a female and male chimpanzee, respectively, because due to overcrowding and limited resources, it is in their best interest.

WHEREAS, Chimps, Inc. has agreed to accept the custody of on a temporary basis to provide for his immediate temporary care, and upon relief from the Appellate Order and/or approval by the Probate Court, as applicable, to provide permanent care and lifetime sanctuary.

EXHIBIT A
PAGE 1 OF 3

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth herein, Chimps, Inc. and the Receiver hereby agree as follows:

1. The Receiver hereby transfers temporary custody, and upon any future relief from the Appellate Order and/or approval by the Probate Court, as applicable, permanent custody, of the chimpanzees known as Emma and Jackson.

2. Chimps, Inc. shall provide for safe and competent transportation of Emma and Jackson from the agreed point of transfer to its facility in Bend, Oregon.

3. Chimps, Inc. shall provide Emma and Jackson with complete and competent care, including housing, feeding, cleaning, and medical care, and will maintain the facilities and grounds where Emma and Jackson are housed in good condition and repair.

4. Chimps, Inc. will take all reasonable precautions to insure Emma and Jackson's complete safety and they will be cared for by a competent person at all times.

5. Chimps, Inc. will comply with the Animal Welfare Act and its implementing regulations, as applicable.

6. Chimps, Inc. will not breed Emma or Jackson.

7. Chimps, Inc. will not euthanize Emma or Jackson except for humane reasons resulting from state of health.

8. If for any reason Chimps, Inc. is not able to provide lifetime care and sanctuary in a manner that complies with the Animal Welfare Act and its implementing regulations, as applicable, the Receiver reserves the right to find suitable alternative retirement accommodations for Emma and Jackson.

9. This Agreement sets forth the entire understanding between the parties and supersedes all prior agreements, whether oral or written. This Agreement may not be amended or modified except by the mutual written agreement of the parties. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

[The Remainder of this Page Is Intentionally Left Blank]

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the dates first set forth above.

PRIMARILY PRIMATES, INC.

By: _____
Lee Theisen-Watt
State of Texas Appointed Temporary
Receiver

CHIMPS, INC.

By: _____
Lesley Day
President and Director

SEDATION AND EXAMINATION

By: _____
Kenneth Kirlin, DVM

# ANIMAL TRANSFER AGREEMENT

This Agreement is made and entered into on the 30th day of March, 2007, by and between International Primate Protection League, Inc., ("IPPL"), and Lee Theisen-Watt (the "Receiver"), as the court appointed Temporary Receiver for the common law charitable entity and nonprofit corporation known as Primarily Primates, Inc., San Antonio, TX ("PPI").

WHEREAS, pursuant to an Amended Order Appointing Temporary Receiver dated October 19, 2006 (the "Order") of the Travis County Probate Court Number One (the "Probate Court"), the Receiver was appointed as Temporary Receiver for PPI with the duties and authority set forth in the Order, which include, but are not limited to, as the Receiver deems necessary, and in reliance upon the advice of animal health care experts, to make any decisions or to undertake actions she deems to be in the best interests of the animals, individually and collectively, which are currently located at PPI's facility including, but not limited to, the removal or transfer of any such animals to other facilities which meet appropriate standards for their particular needs;

WHEREAS, pursuant to an Order dated November 3, 2006, of the Texas Court of Appeals, Third District, at Austin (the "Appellate Order"), the Receiver may relocate animals on a non-permanent basis pursuant to her powers as receiver;

WHEREAS, pursuant to an Order dated November 22, 2006, of the Texas Court of Appeals, Third District, at Austin, the Court's November 3, 2006, Order was modified "to permit a party or the receiver to request that the probate court allow permanent relocation of an animal or animals subject to receivership on a case-by-case basis. Any such request must be in writing, filed with the probate court, and supported by evidence either filed with the motion or submitted before the probate court sufficient to warrant permanent relocation."

WHEREAS, IPPL, is a nonprofit sanctuary dedicated to providing lifetime care for gibbons (Hylobates) (please see attached list) and was designed to nurture and stimulate these sensitive and complex primates by creating a secure and enriching environment.

WHEREAS, based on the improved environment and greater resources, the Receiver has determined that it is in the best interests of the gibbons to be relocated to IPPL who is willing and able to provide these advantages;

WHEREAS, IPPL has agreed to accept the custody of the gibbons on a temporary basis to provide for their immediate and temporary care, and upon relief from the Appellate Order and/or approval by the Probate Court, as applicable, to provide permanent care and lifetime sanctuary.

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth herein, IPPL and the Receiver hereby agree as follows:

EXHIBIT B
PAGE 1 OF 5

1. The Receiver hereby transfers temporary custody, and upon any future relief from the Appellate Order and/or approval by the Probate Court, as applicable, permanent custody, of the gibbons.

2. IPPL shall provide for safe and competent transportation of the gibbons from PPI to its facility in Summerville, S.C.

3. IPPL shall provide the gibbons with complete and competent care, including housing, feeding, cleaning, and medical care, and will maintain the facilities and grounds where the gibbons are housed in good condition and repair.

4. IPPL will take all reasonable precautions to insure the gibbons' complete safety and they will be cared for by a competent person at all times.

5. IPPL will comply with the Animal Welfare Act and its implementing regulations, as applicable.

6. IPPL will not breed the gibbons.

7. IPPL will not euthanize any of the except for humane reasons resulting from state of health.

8. If for any reason IPPL is not able to provide lifetime care and sanctuary in a manner that complies with the Animal Welfare Act and its implementing regulations, as applicable, the Receiver reserves the right to find suitable alternative retirement accommodations for the gibbons.

9. This Agreement sets forth the entire understanding between the parties and supersedes all prior agreements, whether oral or written. This Agreement may not be amended or modified except by the mutual written agreement of the parties. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

[The Remainder of this Page Is Intentionally Left Blank]

2

EXHIBIT B
PAGE 2 OF 5

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the dates first set forth above.

PRIMARILY PRIMATES, INC.

By: *[signature]*
Lee Theisen-Watt
State of Texas Appointed Temporary Receiver

INTERNATIONAL PRIMATE PROTECTION LEAGUE (IPPL)

By: *[signature]*
Shirley McGreal, PhD
Chairwoman

3

PRIMARILY PRIMATES, INC.
SECTION 501 (C) (3) ORGANIZATION
IN RECEIVERSHIP
LEE THEISEN-WATT COURT APPOINTED RECEIVER
26099 DULL KNIFE TRAIL
SAN ANTONIO, TEXAS 78255
OFFICE: (830) 755-4616 Fax: (830) 755-4618

March 30, 2007

Attachment to Agreement between 'INTERNATIONAL PRIMATE PROTECTION LEAGUE' and 'PRIMARILY PRIMATES, INC.'

Hylobates lar

1) 'Gibby' Male Blonde
2) 'Gus' Male Blonde
3) 'Ziggy' Male Blonde
4) 'Erin' Female Black
5) 'Baby' Female Blonde
6) 'Baba' Male Blonde
7) 'Umatella' Female Blonde
8) Name Unknown Male Blonde
9) Name Unknown Female Blonde
10) 'Whoop-Whoop' Male Blonde
11) 'Chloe' Female Blonde
12) 'Jose Marie' Male Black

# CERTIFICATE OF VETERINARY INSPECTION

**TEXAS ANIMAL HEALTH COMMISSION**
P.O. Box 12966, Austin, TX 78711-2966
1-800-550-8242 x777 Fax (512) 719-0729

74- A082321

**Date Issued:** 3-30-01

| Name of Consignor | Name of Consignee |
|---|---|
| Primarily Primates, Inc. | Primarily Primates, Inc. |
| Address: 26099 Dull Knife Trail | Address: 120 Primate Lane |
| City/State: San Antonio TX 78155 | City/State: Leon Creek TX 39425 |
| Country of Origin: USA | Destination/Premises ID: WS 839 2520 |
| Origin Premises No.: B&A B | |
| Reconsigned To: NA | Destination: NA |

**Species:** Other – Primates & Other

**No. of Animals Shipped:** 12

**Purpose of Movement:** Other – Zoological/AAZV

| Tube No. | Official Identification | Description | Age | Sex |
|---|---|---|---|---|
| 1 | White | Blonde | | M |
| 2 | Chile | Blonde | | F |
| 3 | Gus | Blonde | | M |
| 4 | Gabby | Blonde | | M |
| 5 | Gaba | Blonde | | M |
| 6 | Idle | Black | | M |
| 7 | Elvin | Black | | F |
| 8 | Baby | Blonde | | F |
| 9 | Ziggy | Blonde | | M |
| 10 | Vanilla | Blonde | | F |
| 11 | #1 | Blonde | | F |
| 12 | HL2 | Blonde | | F |

**Certification of Issuing Veterinarian**

PIN Net Name: Michele Marino
License: 16811 Bull Kable Trail
Telephone: 830-353-4114
City: San Antonio State: TX Zip: 78255

**VETERINARIAN**

EXHIBIT B
PAGE 5 OF 5

TAHC Form 90-10 (Revised 6/21/2000)

## ANIMAL TRANSFER AGREEMENT

This Agreement is made and entered into on the 18th day of April, 2007, by and between Marguerite Gordon representing the 'W. K. Gordon, Jr. Ranch' and Lee Theisen-Watt (the "Receiver"), as the court appointed Temporary Receiver for the common law charitable entity and nonprofit corporation known as Primarily Primates, Inc., San Antonio, TX ("PPI").

WHEREAS, pursuant to an Amended Order Appointing Temporary Receiver dated October 19, 2006 (the "Order") of the Travis County Probate Court Number One (the "Probate Court"), the Receiver was appointed as Temporary Receiver for PPI with the duties and authority set forth in the Order, which include, but are not limited to, as the Receiver deems necessary, and in reliance upon the advice of animal health care experts, to make any decisions or to undertake actions she deems to be in the best interests of the animals, individually and collectively, which are currently located at PPI's facility including, but not limited to, the removal or transfer of any such animals to other facilities which meet appropriate standards for their particular needs;

WHEREAS, pursuant to an Order dated November 3, 2006, of the Texas Court of Appeals, Third District, at Austin (the "Appellate Order"), the Receiver may relocate animals on a non-permanent basis pursuant to her powers as receiver;

WHEREAS, pursuant to an Order dated November 22, 2006, of the Texas Court of Appeals, Third District, at Austin, the Court's November 3, 2006, Order was modified "to permit a party or the receiver to request that the probate court allow permanent relocation of an animal or animals subject to receivership on a case-by-case basis. Any such request must be in writing, filed with the probate court, and supported by evidence either filed with the motion or submitted before the probate court sufficient to warrant permanent relocation."

WHEREAS, the 'W.K. Gordon, Jr. Ranch' in Walnut Springs, Texas is a 4,000 acre ranch which will segregate the hoofed stock and keep in a 300 acre parcel to roam. The hoofed stock are 4 bovine: One male Longhorn, one male Longhorn/Watusi cross, one female Angus and her calf. It is noted that the cow may again be impregnated.

WHEREAS, based on the improved environment and greater resources, the Receiver has determined that it is in the best interests of the hoofed stock to be relocated to the 'W.K. Gordon, Jr. Ranch' who is willing and able to provide the advantages of proper care specific to hoofed stock and far greater range upon which to graze and roam;

WHEREAS, the W.K. Gordon, Jr. Ranch has agreed to accept the custody of the hoofed stock on a temporary basis to provide for their immediate and temporary care, and upon relief from the Appellate Order and/or approval by the Probate Court, as applicable, to provide permanent care and lifetime sanctuary.

EXHIBIT C
PAGE 1 OF 3

NOW, THEREFORE, in consideration of the promises and mutual agreements set forth herein, the W. K. Gordon, Jr. Ranch and the Receiver hereby agree as follows:

1. The Receiver hereby transfers temporary custody, and upon any future relief from the Appellate Order and/or approval by the Probate Court, as applicable, permanent custody, of the hoofed stock.

2. W. K. Gordon, Jr. Ranch shall provide for safe and competent transportation of the hoofed stock from PPI to its facility in Walnut Springs, TX.

3. W. K. Gordon, Jr. Ranch shall provide the hoofed stock with complete and competent care, including housing, feeding, cleaning, and medical care, and will maintain the facilities and grounds where the hoofed stock are kept in good condition and repair.

4. W. K. Gordon, Jr. Ranch will take all reasonable precautions to insure the hoofed stock complete safety and their care will be overseen by a competent person at all times.

5. W. K. Gordon, Jr. Ranch will comply with the Animal Welfare Act and its implementing regulations, as applicable.

6. W. K. Gordon, Jr. Ranch will not breed the hoofed stock.

7. W. K. Gordon, Jr. Ranch will not euthanize any of the hoofed stock except for humane reasons resulting from state of health.

8. If for any reason W. K. Gordon, Jr. Ranch is not able to provide lifetime care and sanctuary in a manner that complies with the Animal Welfare Act and its implementing regulations, as applicable, the Receiver reserves the right to find suitable alternative retirement accommodations for the hoofed stock.

9. This Agreement sets forth the entire understanding between the parties and supersedes all prior agreements, whether oral or written. This Agreement may not be amended or modified except by the mutual written agreement of the parties. This Agreement shall be governed by and construed in accordance with the laws of the State of Texas.

[The Remainder of this Page Is Intentionally Left Blank]

EXHIBIT C
PAGE 2 OF 3

2

IN WITNESS WHEREOF, the parties have duly executed this Agreement as of the dates first set forth above.

PRIMARILY PRIMATES, INC.

By: _____
Lee Theisen-Watt
State of Texas Appointed Temporary
Receiver

W. K. GORDON, JR. RANCH

By: _____
Marguerite Gordon

EXHIBIT __C__
PAGE __3__ OF __3__

3