William H. Sherlock, OSB #90381
HUTCHINSON, COX, COONS
DUPRIEST, ORR & SHERLOCK, P.C.
777 High Street, Suite 200
Eugene, OR 97401-2782
Telephone: (541) 686-9160
Facsimile: (541) 343-8693
Internet E-mail Address: lsherlock@eugene-law.com
Of Attorneys for Defendant

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHIMPS, INC.; INTERNATIONAL PRIMATE PROTECTION LEAGUE; and MARGUERITE GORDON, <br><br> Plaintiffs, <br><br> v. <br><br> PRIMARILY PRIMATES, INC., <br><br> Defendant. | Case No. 07-6149-HO <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CHANGE VENUE** |

**POINTS AND AUTHORITIES**

**I. The Case Should Be Dismissed Under FRCP 12(b)(1) For Lack Of Subject Matter Jurisdiction Because The Minimum Amount In Controversy Is Not Satisfied As Required By 28 U.S.C. § 1332(a).**

28 U.S.C. § 1332(a) grants jurisdiction to federal district courts only where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." The plaintiff has the burden of establishing jurisdiction after a defendant files a 12(b)(1) Motion contesting the Court's subject matter jurisdiction. *Rodriguez v. P.L. Industries, Inc.*, 53 F.Supp.2d 538, 539 (D.Puerto Rico 1999).

1 – MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO CHANGE VENUE

Multiple plaintiffs who lack the jurisdictional minimum may not aggregate their individual claims in order to meet the minimum. *Snyder v. Harris*, 394 U.S. 332, 338 (1969). The only exception to the non-aggregation rule occurs when plaintiffs' claims are common and undivided. *Id; National Union Fire Ins. Co. of Pittsburg, PA v. ESI Ergonomic Solutions, LLC,* 342 F.Supp.2d 853, 858 (D.Ariz. 2004). Where there are multiple plaintiffs, at least one plaintiff's amount in controversy must be greater than $75,000 in order for a federal court to consider assuming supplemental jurisdiction over the additional claims. *Allapattah v. Exxon Mobil,* 545 U.S. 546 (2005).

A common and undivided interest occurs where, if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased. *Sellers v. O'Connell*, 701 F.2d 575, 579 (1983). Furthermore, the Ninth Circuit has held that claims are only common and undivided if they derive from rights that plaintiffs hold in group status, or if they relate to a single thing such as an estate or an insurance policy. *Kanter v. Warner-Lambert Co.*, 52 F.Supp.2d 1126, 1131 (N.D.Cal. 1999). If each plaintiff could pursue a claim individually, the interests are separate and distinct and thus cannot be aggregated. *Borgeson v. Archer-Daniels Midland Co.*, 909 F.Supp. 709, 718 (C.D.Cal.1995).

Courts have provided guidance as to what constitutes a common and undivided claim. In one case, former employees alleged that they were wrongfully terminated by their employer. *Rodriguez*, 53 F.Spp.2d at 539. No single plaintiff met the jurisdictional minimum. *Id.* at 540. They argued, however, that their independent claims were common and undivided because they were based on a

single mass layoff. *Id.* The Court disagreed with the plaintiffs' assertion and found that individual causes of action which arise out of common issues of fact and law are not sufficient to qualify as common and undivided interests. *Id.* at 541. Plaintiffs must show more than that their independent claims result from a single act of defendant. *Id.*

Similarly, the Ninth Circuit has held that where plaintiffs' claims are "cognizable, calculable, and correctable individually, they may not aggregate their claims to meet the amount in controversy. *Potrero Hill Community Action Committee v. Housing Authority,* 410 F.2d 974, 978 (9th Cir 1969). There, a group of tenants sought a declaration that the San Francisco Housing Authority had a duty to maintain their premises in a safe and sanitary condition and that they had no obligation to pay rent in the meantime. *Id.* at 975. No individual claim met the jurisdictional minimum. *Id.* at 978. The Ninth Circuit held that the claims could not be aggregated because they derived from the tenants' individual leases rather than from rights held as a group. *Id.*

In this case, no single plaintiff can realistically assert that its amount in controversy exceeds $75,000. First, plaintiffs allege in their Complaint that the cost of care for a captive chimpanzee for a single year is $10,000. Complaint, page 6, paragraph 25. On March 12, 2007, plaintiff Chimps, Inc. signed an Animal Transfer Agreement in which it agreed to temporarily house two chimpanzees. Thus, at the time of filing on June 25, 2007, plaintiff Chimps, Inc. had provided temporary housing for less than four months. Four months of chimpanzee care costs $3333.33. The cost of housing both chimpanzees, by their own allegation, is approximately

$6666.66 in total. While plaintiff Chimps, Inc. did not provide figures relating to the transportation costs, it will be hard-pressed to show that the cost of transportation exceeds $68,000. Thus, plaintiffs Chimps, Inc. fail to individually meet the minimum amount in controversy required by statute.

Second, Margurite Gordon ("Gordon") fails to meet the statutory amount related to her care for the single longhorn steer. Cost of care for a steer over a four month period is likely to be substantially less than a chimpanzee, and even combined with the transportation costs from Texas to New Mexico cannot amount to $75,000.

Third, International Primate Protection League ("IPPL") likewise fails to meet the jurisdictional minimum. Plaintiff IPPL has the burden of proving jurisdiction but has put forth no evidence detailing the cost of transporting and caring for gibbons, much less how the amount could possibly come close to $75,000 over four months.

The general rule laid out by the United States Supreme Court prohibits plaintiffs from aggregating their claims in order to meet the minimum amount in controversy required by 28 U.S.C. §1332. Plaintiffs cannot rationally argue that their claims are common and undivided. A common and undivided interest exists where the failure of one plaintiff to collect its share results in an increase in shares of the remaining plaintiffs. The chimpanzees, the gibbons and the longhorn steer are separate interests. For example, one plaintiff's decision to return the twelve gibbons to defendant Primarily Primates, Inc. ("PPI") would not result in an increase of chimpanzees or steer for the other plaintiffs.

The plaintiffs likewise fail the Ninth Circuit's test because they do not hold the disparate animals in group status. None of the animals are "single thing." Rather, there are fifteen distinct animals in dispute: two chimpanzees, twelve gibbons and one longhorn steer. Indeed, the plaintiffs here are similar to the former employees in the *Rodriguez* case. Their separate claims, like the claims of the former employees, share common issues of fact and law. Each plaintiff signed an Animal Transfer Agreement with the Receiver for PPI that states it is to be integrated under Texas law. These temporary housing agreements all arose from the common circumstance of PPI's reorganization. However, as stated by the *Rodriguez* court, individual causes of action that arise out of common issues of fact and law are not sufficient to qualify as common and undivided interests.

The plaintiffs' individual Animal Transfer Agreements are likewise analogous to the tenants' individual leases at issue in the Ninth Circuit *Potrero Hill Community Action Committee* case. Because each plaintiff entered into an individual contract, they hold no rights as a group and thus, under the Ninth Circuit's holding, cannot aggregate their claims. Because plaintiffs have failed to show a common and undivided interest, they are prohibited from aggregating their separate claims for purposes of meeting the amount in controversy mandated by statute. Because they cannot meet the minimum amount in controversy, this Court lacks jurisdiction. Thus, plaintiffs' case should be dismissed pursuant to FRCP 12(b)(1).

## II. The Case Should Be Dismissed Under FRCP 12(b)(3) Because Venue Is Not Proper Pursuant To 28 U.S.C. §1391.

Plaintiffs claim that venue in this Court is proper pursuant to 28 U.S.C. §1391(a)(2) "because contracting party-plaintiff Chimps, Inc. is located in Bend, Oregon, and the chimpanzees for whom Chimps, Inc. agreed to provide lifetime care are also in Bend, Oregon." However, 28 U.S.C. §1391(a)(2) provides that a civil action based only upon diversity of citizenship must be brought in a district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated...." In this case, the Oregon based events related to the two chimpanzees are minimal when placed in the context of the entire action. Additionally, the two chimpanzees are not a substantial part of the total number of fifteen animals in dispute.

The underlying cause of action giving rise to the claims of the three plaintiffs occurred in Texas. The PPI animal sanctuary is located in Texas. All fifteen animals in dispute spent most of their lives in Texas. The three Animal Transfer Agreement granting temporary custody to the three plaintiffs are governed by Texas law. Hence, the transport and temporary housing of two out of fifteen animals in Oregon does not qualify as a substantial part of the events giving rise to the claim when balanced against the totality of the other events.

Thus, venue is improper under 28 U.S.C. §1391(a)(2) because a substantial part of the events related to the action did not occur in Oregon and a substantial part of the subject matter related to the action is not located in Oregon.

Furthermore, venue is not proper under 28 U.S.C. §1391(a)(1). That provision provides that venue is appropriate in "a judicial district where any

defendant resides, if all defendants reside in the same state…." 28 U.S.C. §1391(c) explains that "…a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced," Thus, because Defendant PPI. is a corporation, it is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time of the commencement of the action. 28 U.S.C. §1391(3)(c).

This Court lacks personal jurisdiction over defendant PPI as is required by 28 U.S.C. §1391(a)(1) and §1391(3)(c). In order to be subject to personal jurisdiction, and thus to be deemed to reside in Oregon, PPI must satisfy the minimum contacts test laid out by the United States Supreme Court. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). The two-part test requires 1) that PPI purposefully avail itself of the benefits and protections of Oregon law, and 2) that the exercise of jurisdiction comport with "our traditional conception of fair play and substantial justice…." *Id.* at 320.

Here, 28 U.S.C. §1391(a)(1) is not satisfied because PPI does not have sufficient minimum contacts in Oregon. PPI did not purposefully avail itself of the benefits and protections of Oregon law. A contract providing for temporary housing of two animals that is governed by Texas state law is not sufficient to satisfy the purposeful availment test. In addition, the contract itself stipulates that relief may be granted from the Texas Appellate Order and/or approval by the Probate Court. See Declaration of William Sherlock, Exhibit A, page 1. Although PPI's now-dismissed Receiver agreed that Oregon based Chimps, Inc. would transport and house two chimps, the temporary nature of the arrangement and the

explicit reference to the Texas legal system show that PPI could not reasonably anticipate being haled into court in Oregon.

Furthermore, forcing PPI to litigate in Oregon district court violates traditional notions of fair play and substantial justice where PPI entered into a contract for temporary care and explicitly referred to the governance of Texas law and Texas courts. Thus, venue is improper under 28 U.S.C. §1391. The case should be dismissed under FRCP 12(b)(3).

**III. Even If The District Court Finds Proper Jurisdiction and Venue Under 28 U.S.C. §§1332 and 1391, the Court Should Transfer The Case Pursuant To 28 U.S.C. §1401(a).**

28 U.S.C. §1401(a) permits a district court, for the convenience of parties and witnesses, to transfer any civil action to a district or division where it might have been brought. Factors that a court should consider in determining whether to transfer venue include: 1) convenience of parties; 2) convenience of material witnesses; 3) availability of process to compel presence of unwilling witnesses; 4) cost of obtaining presence of witnesses; 5) relative ease of access to sources of proof; 6) calendar congestion; 7) where events in issue took place; and 8) interests of justice in general. *See Salinas v. O'Reilly Automotive, Inc.*, 358 S.Fupp.2d 569 (N.D. Tex. 2005).

Here, a Texas venue is a far more convenient geographic location for the majority of the parties. Defendant PPI is a Texas corporation with a principal place of business in Texas. Plaintiff Marguerite Gordon is domiciled in New Mexico and is geographically closer to Texas than to Oregon. Plaintiff IPPL is located in South

Carolina. Texas is significantly closer to South Carolina than is Oregon. Thus, Oregon is the most convenient venue for only one of the four parties.

Furthermore, Plaintiffs' complaint focused on alleged events and conditions that took place at PPI in Texas. Many of the material witnesses are located in Texas and Texas is a far more convenient forum for these witnesses than Oregon. In addition, the cost of transporting Texas witnesses to Oregon would be significant. Likewise, the records and physical evidence related to the underlying cause of the controversy are located in Texas. Finally, because the underlying events were already litigated in Texas and the transfer agreements are to be interpreted under Texas law, the interests of justice in general require that Texas be the proper venue. For the foregoing reasons, if this Court finds that federal jurisdiction exists, the case should be transferred to a Texas venue.

WHEREFORE, Defendant requests that the Motion to Dismiss be granted, or in the alternative that venue be changed to Texas.

DATED: July 27, 2007

By: s/William H. Sherlock
William H. Sherlock, OSB #98001
Hutchinson Cox Coons DuPriest Orr & Sherlock
777 High Street, Ste 200
Eugene, OR 97401
(541) 686 9160
Attorney for Defendant