# Judge Guy Herman
TRAVIS COUNTY PROBATE COURT NO. 1
1000 Guadalupe Street – P.O. Box 1748
Travis County Courthouse, Room 217
Austin, Texas 78767
Phone: (512) 854-9258     Fax: (512) 854-4418



September 10, 2007

William Parrish
WINSTEAD PC
401 Congress Avenue, Suite 2100
Austin, TX 78701

Ray Chester
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
600 Congress Avenue, Suite 2100
Austin, TX 78701

Paul Carmona
Division Chief, Consumer Protection Division
Attorney General of Texas
P.O. Box 12548
Austin, TX 78711-2548

    Re:     Cause No. 85636; *Attorney General Greg Abbott v. Primarily Primates, Inc., et al.*

Counsel:

After considering the evidence presented at the hearing on the Receiver's Application for Payment of Receiver Fees and Reimbursement of Attorneys' Fees, the Court denies the Receiver's request for payment of receiver fees and her request for reimbursement of attorneys' fees.

The Receiver testified that she had agreed to offer her services pro bono, that her original attorney would represent her pro bono, that she assumed her original attorney would pay for the fees of her other attorneys, and that she gave a charitable receipt from Primarily Primates to the original attorney for the $42,000.00 the original attorney said he paid to Jenkens & Gilchrist. The Receiver admitted that, subsequent to the settlement hearing, she decided to charge for her services and that of her lawyer because she was unhappy with the terms of the settlement.

While the Receiver suggested that her approval of a settlement was a condition precedent to her providing her services pro bono, the Court believes that the failure of the Receiver to maintain contemporaneous time records indicates that at no time prior to the settlement did the Receiver

EXHIBIT C

PAGE 1 OF 2

plan on receiving fees. Further, the Court finds that such a condition, if it existed, was unknown to the parties and was not agreed upon by any of the parties or the Court.

The condition precedent theory of fees offered up by the Receiver in this case is an attempt to interfere with the judicial process and violates the Receiver's supposed third-party neutrality. The Court cannot and will not countenance such effort by awarding fees and expenses.

Even if the Court were willing to award fees, the Receiver's inadequate recordkeeping would have caused the Court difficulty in determining reasonable fees. The Receiver's reconstructed fee sheets lack accuracy primarily because she did not keep contemporaneous timesheets recording the services performed and the time spent on such services. (Again, according to the Receiver's testimony, she did not keep contemporaneous timesheets because she planned to provide the services pro bono.)

Further, the Receiver's evidence concerning how other organizations compensate alleged similarly situated employees is not persuasive since the organization testified about is much larger than Primarily Primates.[1] Had the Receiver not served pro bono, the best evidence of a reasonable fee in this case would have been what the day-to-day manager of Primarily Primates received before and after the receivership. Both Mr. Sweat and Mr. Tello made approximately $36,000.00 a year for performing the same services as the Receiver in overseeing the operations of Primarily Primates. Accordingly, a reasonable fee, if one were awarded, would be $19,500.00 for the Receiver's six and one-half month tenure as manager of Primarily Primates.

Despite the testimony of the expert witness regarding reasonable attorneys fees, the Court, after applying its attorneys' fees standards, believes that $62,629.00[2] would have been reasonable and necessary attorneys' fees if the Court were inclined to reimburse the Receiver for her expenses. However, the Court believes these expenses were to be borne by the Receiver's original attorney as evidenced by the Receiver's testimony and the charitable deduction form (Respondent's Exhibit 4) for payment of attorneys' fees.

Mr. Chester, please submit an order, signed off as to form by opposing counsel, to the Court for its signature.

Sincerely,

Guy Herman, Judge Presiding
Travis County Probate Court No. 1

---

[1] Friends of Animals, Inc. is a better-funded organization with a different focus than Primarily Primates; it also lobbies for animal rights in addition to managing several animal programs.
[2] This amount includes the fees noted in Respondent's Exhibit 4.

EXHIBIT C

PAGE 2 OF 2