**SCHIFF HARDIN LLP**
**Bruce A. Wagman,** *Pro Hac Vice*
bwagman@schiffhardin.com
**Robert G. Engel,** OSB #01176
rengel@schiffhardin.com
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105
Telephone:    (415) 901-8700
Facsimile:     (415) 901-8701

**HARRANG LONG GARY RUDNICK P.C.**
**Craig J. Capon,** OSB #98192
craig.j.capon@harrang.com
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    (541) 485-0220
Facsimile:     (541) 686-6564

Of Attorneys for Plaintiffs
CHIMPS, INC., INTERNATIONAL PRIMATE
PROTECTION LEAGUE, and MARGUERITE GORDON

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **CHIMPS, INC., INTERNATIONAL PRIMATE PROTECTION LEAGUE,** and **MARGUERITE GORDON,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PRIMARILY PRIMATES, INC.,**<br><br>Defendant. | Case No.: 07-6149-HO<br><br>**PLAINTIFFS' SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE, BASED ON SUBMISSION OF NEW EVIDENCE** |

Plaintiffs seek leave to file this short sur-reply and supporting declaration to respond to one particular issue in the reply filed by defendant in support of the pending Defendant's Motion to Dismiss or, in the Alternative, to Change Venue. Defendant included with its reply brand new evidence, adduced in testimony in a different legal action on August 29, 2007, which plaintiffs believe is irrelevant and incomplete in its presentation, but which defendant nevertheless relies

Page 1 – PLAINTIFFS' SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE, BASED ON SUBMISSION OF NEW EVIDENCE

on in its reply. In particular, defendant offers selective excerpts from the deposition of Lee Theisen-Watt, the former court-appointed receiver that signed the three Animal Transfer Agreements that are at issue in this litigation. In this sur-reply, plaintiffs respond to the new evidence highlighted in the reply and describe the evidence set forth in a supporting declaration signed by Ms. Watt.

As an initial matter of law, the Ninth Circuit has held that if jurisdiction is attacked based on written evidence (as it is by defendant here), "[c]onflicts between parties over statements contained in affidavits *must be resolved in plaintiff's favor*." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (emphasis added). Plaintiffs' declarations satisfy the prima facie requirement here, and that ends the inquiry. *Id.*; *see also Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

Defendant left crucial testimony out of its brief – testimony which changes the entire meaning of what Ms. Theisen-Watt said. Defendant does this in an attempt to "prove" that the transfers of the animals were expected to be temporary. Specifically, defendant failed to quote Ms. Theisen-Watt's testimony that she expected the transfers to be permanent unless "hell freezes over." Declaration of William Sherlock [in Support of Reply], Ex. A, p. 4:6-7. Ms. Theisen-Watt's colorful idiom demonstrates that regardless of how much Defendant wants to argue differently, all parties to the Animal Transfer Agreements expected the animals to permanently stay in the sanctuaries where they currently reside. Indeed, contrary to Defendant's claim in its reply, Ms. Theisen-Watt's understanding is essentially identical to the testimony in the affidavits of plaintiffs' representatives, who stated that they had "the understanding and intention that [they] would provide for lifetime care, housing, and medical expenses for the" animals at issue. *See, e.g.*, Declaration of Paula Muellner in Support of Plaintiffs' Opposition to Motion to Dismiss, ¶ 5; Declaration of Shirley McGreal in Support of Plaintiffs' Opposition to Motion to Dismiss, ¶ 4; *accord* Declaration of Marguerite Gordon in Support of Plaintiffs' Opposition to Motion to Dismiss, 4. Thus, Defendant's attempt to contradict plaintiffs' declarations – which are supported even by the testimony Defendant puts forth – should be

Page 2 – PLAINTIFFS' SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE, BASED ON SUBMISSION OF NEW EVIDENCE

ignored. Defendant's attempt to keep this Court from reviewing the merits, by arguing incorrect procedural issues, is telling.

In order to be sure Court is clear on the intention of both PPI (through Ms. Theisen-Watt) and the plaintiffs when entering into the Animal Transfer Agreements, plaintiffs now submit Ms. Theisen-Watt's declaration, which demonstrates that Defendant is misleading the Court with respect to the parties' intent on the transfers. Ms. Theisen-Watt's declaration unequivocally states that her decision to transfer the animals to the plaintiffs here was "based on [her] understanding that each of the plaintiffs/sanctuaries in the Oregon Action intended to care for the animals involved for the rest of the animals' lives and was prepared to make the financial contributions necessary to do so." Declaration of Lee Theisen-Watt ("Watt Dec."), ¶ 5. She also intended the animals "should be and would be transferred to these sanctuaries permanently and that the animals would live out the rest of their lives with the sanctuaries that are the plaintiffs in the Oregon Action," and "that everyone involved in the negotiation of the Animal Transfer Agreements and the transfer of the animals intended that the animals would live out their lives at the sanctuaries that are the plaintiffs in the Oregon Action." *Id.* at ¶¶ 7, 8. Finally, just in case Defendant wishes to dispute the interpretation of Ms. Theisen-Watt's testimony, she testifies: "At no time did I ever expect or believe that the animals involved in the Oregon Action would return to PPI. When I stated in my testimony on August 29, 2007 that the animals would only go back 'if hell freezes over', I meant that I never expected them to return." *Id.* at ¶ 9. Finally, with respect to the value of the contracts negotiated by Ms. Theisen-Watt *for PPI*, she considered the value of the contracts *to PPI* to "exceed one million dollars ($1,000,000.00). That is money that PPI did not have and was unlikely to be able to raise in the immediate future." *Id.* at ¶ 10.

Because defendant acknowledges the "value of the object of the litigation" here is lifetime care, and because plaintiffs have proven that they expected to give lifetime care which would cost far in excess of the $75,000 minimum amount in controversy, jurisdiction soundly lies with this Court. This is not the "administrative costs" alluded to in cases cited by defendant – it is the indisputable real value of the contracts to plaintiffs.

Page 3 – PLAINTIFFS' SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE, BASED ON SUBMISSION OF NEW EVIDENCE

Defendants also state, four times, the unsupported notion that *only* "the Texas Appellate court or Probate court" can rule on the issues raised in this lawsuit, and that those courts retain jurisdiction over the agreements at issue. First, with the Texas lawsuit dismissed, *no* Texas court has any jurisdiction over any of issues or parties to the prior lawsuit. Second, the plaintiffs in this action were never parties to the Texas litigation, and therefore no Texas court currently has jurisdiction over this or any other dispute involving these plaintiffs.

DATED: October 4, 2007

SCHIFF HARDIN LLP
BRUCE A. WAGMAN *Pro Hac Vice*
ROBERT G. ENGEL

HARRANG LONG GARY RUDNICK P.C.
CRAIG J. CAPON

By: _____
Bruce A. Wagman, *Pro Hac Vice*
bwagman@schiffhardin.com
Robert G. Engel, OSB #01176
rengel@schiffhardin.com
Telephone:   (415) 901-8700
Facsimile:    (415) 901-8701

HARRANG LONG GARY RUDNICK P.C.
Craig J. Capon, OSB #98192
craig.j.capon@harrang.com

Of Attorneys for Plaintiffs
CHIMPS, INC., INTERNATIONAL
PRIMATE PROTECTION LEAGUE, and
MARGUERITE GORDON

34992-0000
672408.1

Page 4 – PLAINTIFFS' SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE, BASED ON SUBMISSION OF NEW EVIDENCE

# CERTIFICATE OF SERVICE

I certify that on October 4, 2007, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFFS' SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO CHANGE VENUE, BASED ON SUBMISSION OF NEW EVIDENCE** on the party or parties listed below as follows:

| | |
|---|---|
| X | Via CM / ECF Filing |
| | Via First Class Mail, Postage Prepaid |
| | Via Facsimile |
| | Via Personal Delivery |

William H. Sherlock
Hutchinson, Cox, Coons, DuPriest, Orr & Sherlock P.C.
777 High Street
Eugene, OR 97401-2782

Attorneys For Defendant
Primarily Primates, Inc.

SCHIFF HARDIN LLP

By: _____
Bruce A. Wagman, *Pro Hac Vice*
bwagman@schiffhardin.com
Robert G. Engel, OSB #01176
rengel@schiffhardin.com
Telephone:    (415) 901-8700
Facsimile:    (415) 901-8701

HARRANG LONG GARY RUDNICK P.C.
Craig J. Capon, OSB #98192
craig.j.capon@harrang.com

Of Attorneys for Plaintiffs
CHIMPS, INC., INTERNATIONAL
PRIMATE PROTECTION LEAGUE, and
MARGUERITE GORDON