William H. Sherlock, OSB #90381
HUTCHINSON, COX, COONS
DUPRIEST, ORR & SHERLOCK, P.C.
777 High Street, Suite 200
Eugene, OR 97401-2782
Telephone: (541) 686-9160
Facsimile: (541) 343-8693
Internet E-mail Address: lsherlock@eugene-law.com
Of Attorneys for Defendant

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

| CHIMPS, INC.; INTERNATIONAL PRIMATE PROTECTION LEAGUE; and MARGUERITE GORDON, Plaintiffs, v. PRIMARILY PRIMATES, INC., Defendant. | Case No. 07-6149-HO<br><br>**DEFENDANT'S RESPONSE IN OPPOSTION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY AND SUPPORTING DECLARATION** |
|---|---|

**POINTS AND AUTHORITIES**

**I.   Plaintiffs have misrepresented the scope of their proposed sur-reply.**

The Declaration of Bruce Wagman states that Plaintiffs "seek leave to file a short sur-reply and supporting declaration *to respond to one particular issue* in the reply filed by defendant in support of the pending Defendant's Motion to Dismiss or, in the Alternative, to Change Venue." Declaration of Bruce Wagman, ¶ 3. (Emphasis added).

1 – DEFENDANT'S RESPONSE IN opposition to plaintiffs' motion for leave to FILE A SUR-REPLY

Instead of a "short" sur-reply that deals solely with one issue, Plaintiffs submitted a proposed four-page memorandum that tries to reargue and refute a number of points well beyond the "one particular issue" represented in the Wagman Declaration.

The only reason Defendant PPI included the excerpt of the August 29, 2007 Theisen-Watt testimony taken before the Texas Probate Court with its Reply Memorandum was to reinforce the fact that the Animal Transfer Agreements (ATAs) between the parties are temporary. Neither the excerpt from the transcript nor Defendant's Reply brief raised the issue of what Ms. Theisen-Watt may or may not have believed the ATAs to be worth. Counsel for Plaintiffs represented to Defendant's Counsel and this Court that any declaration or argument submitted on sur-reply would be limited to the narrow issue of whether the ATAs convey temporary or permanent custody of the animals.

Despite Plaintiffs' representations, however, significant portions of Plaintiffs' proposed sur-reply brief and Ms. Lee Theisen-Watt's Declaration are devoted to the issue of how much the contracts are worth (in Theisen-Watt's mind) and the equally unrelated issue of whether the Texas court system retains jurisdiction over any aspects of the parties' dispute. Plaintiffs' backhanded attempt to slip in arguments they should have already made or that are clearly beyond the scope of any transcript testimony should not be sanctioned by this Court. Plaintiffs have misrepresented to counsel and to this Court their stated purpose for the sur-reply.[1]

---

[1] It should also be noted that the transcript excerpt that Defendant provided to the Court with its Reply Memorandum included the portion of the Theisen-Watt testimony that Plaintiffs' dwell on at length in their proposed sur-reply.

## CONCLUSION

For the foregoing reasons Plaintiff's Motion for leave to file a sur-reply should be denied as a matter of fairness and to avoid a potentially endless round of sur-sur-replies and declarations. In the event the Court grants Plaintiff's Motion Defendant respectfully requests an opportunity to respond thereto.

DATED: October 11, 2007

By: s/William H. Sherlock
William H. Sherlock, OSB #98001
Hutchinson Cox Coons DuPriest
Orr & Sherlock
777 High Street, Ste 200
Eugene, OR 97401
(541) 686 9160
 Attorney for Defendant