```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON

CHIMPS, INC., et al.,                      Civil No. 07-6149-HO

          Plaintiffs,

     v.

PRIMARILY PRIMATES, INC.,

          Defendant.
```

The case arises from the transfer of animals to plaintiffs from the court-appointed receiver for defendant. Plaintiffs seek declarations of rights of permanent possession under animal transfer agreements, and "recovery according to proof" for alternative claims of quantum meruit and lien for services. Defendant filed a motion to dismiss for lack of subject matter jurisdiction and alternative motion to change venue. Plaintiffs allege subject matter jurisdiction based on diverse citizenship of the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1). Defendant argues that the

amount in controversy does not exceed $75,000.

## Discussion

The amount in controversy is measured at the outset of the case. See <u>Johnson v. Wattenbarger</u>, 361 F.3d 991, 993 (7th Cir. 2004). Plaintiff has the burden to prove that the value to either party of the thing sought to be accomplished by the action satisfies the jurisdictional requirement. <u>Ridder Bros., Inc. v. Blethen</u>, 142 F.2d 395, 399 (9th Cir. 1944). Plaintiff may avoid dismissal by producing evidence sufficient to prevent the trier of fact from concluding to a legal certainty that the maximum potential recovery is less than the jurisdictional minimum. <u>Barrett v. Lombardi</u>, 239 F.3d 23, 30-31 (1st Cir. 2001).

Plaintiffs argue that costs of transportation, housing, feeding, cleaning, medical care and facilities and grounds maintenance, that they agreed to provide under the animal transfer agreements, satisfy the amount in controversy requirement. These costs include future costs plaintiffs will incur over the lifetimes of the animals. Plaintiffs submitted evidence of the cost of care for the chimpanzees and gibbons, and evidence that Marguerite Gordon (1) believed she could be required to pay more than $100,000 to transport and care for the steer, and (2) valued the steer transfer agreement in excess of $100,000.

Plaintiffs first claim for declarations of rights to

2 - ORDER

permanent possession of the animals under the transfer agreements does not put animal transportation, care and related costs in controversy. Notwithstanding the statements of plaintiffs' witnesses, the monetary value of the animal transfer agreements is not measured by animal care and transportation costs plaintiffs have incurred and will incur in the future. Neither party will recover these costs as a result of the disposition of this claim.

Plaintiffs' evidence is insufficient to prevent the trier of fact from concluding to a legal certainty that the maximum potential recovery on plaintiffs' quantum meruit and lien claims is less than the jurisdictional amount. Plaintiffs produced no evidence of transportation costs. Plaintiffs' declarations speak to the monthly cost of care for the chimpanzees and gibbons. Plaintiffs' evidence demonstrates that as of the date of the complaint, the costs of care incurred by each plaintiff falls far short of the requisite jurisdictional amount. For example, the highest cost of monthly care incurred by any plaintiff is $13,750 ($165,000 annual cost/12 months), incurred by plaintiff International Primate Protection League (IPPL) for care of the gibbons. McGreal Decl., ¶ 6. IPPL and the receiver executed the gibbons transfer agreement on March 30, 2007. Plaintiffs filed
///

the complaint less than three months later.  IPPL's quantum meruit and lien claims are worth less than $41,250.

## Conclusion

Based on the foregoing, defendant's motion to dismiss [#10] is granted.  This action is dismissed without prejudice.

IT IS SO ORDERED.

DATED this __23rd__ day of March, 2008.


                          ___s/ Michael R. Hogan___
                          United States District Judge